FILED BY _____ D.C.
NOV - 5 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

KIMBERLY RUIZ,
Reg. No. 12528-506,
    Defendant.

Case No. 1:24-cr-20188-RAR

Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)

---

**MOTION FOR COMPASSIONATE RELEASE / REDUCTION IN SENTENCE**
(18 U.S.C. § 3582(c)(1)(A)(i) – First Step Act)

---

**Preliminary Statement**

Ms. Ruiz's continued incarceration no longer serves the purposes of sentencing. She is a non-violent first-time offender with a short remaining term, a record of full rehabilitation, and two minor children—one with special needs—whose mental health has sharply declined in her absence. The grandparents who have stepped in as temporary caregivers are elderly and struggling to maintain basic supervision. Congress enacted the First Step Act to allow courts, not bureaucracy, to correct such humanitarian crises. This motion seeks that relief.

---

**COMES NOW** the defendant, Kimberly Ruiz, pro se and presently confined at FCI Marianna, who respectfully moves this Honorable Court, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (as amended by § 603(b) of the First Step Act of 2018, Pub. L. 115-391), for a reduction of sentence to time served or, in the alternative, for immediate placement on home confinement as a condition of supervised release.

This request arises from extraordinary and compelling humanitarian circumstances—the simultaneous incarceration of both parents, the functional incapacitation of the children's elderly caregivers, and the acute mental-health crisis of Ms. Ruiz's six-year-old daughter, who has expressed suicidal thoughts directly tied to her mother's absence. No purpose of sentencing is advanced by continued imprisonment under these conditions, and every consideration of justice and compassion weighs in favor of prompt relief.

In support, Ms. Ruiz states the following:

## I. JURISDICTION AND BACKGROUND

1. This Court sentenced Ms. Ruiz on June 10, 2025, following her guilty plea to Count 6ss of the Superseding Indictment charging Conspiracy to Launder Monetary Instruments, 18 U.S.C. § 1956(h).

   Sentence: 18 months imprisonment; 3 years supervised release; $100 special assessment (Judgment, ECF No. 234).

2. Ms. Ruiz self-surrendered on September 8, 2025 and has served approximately two months in federal custody. Her current projected release date is December 5, 2026.

3. Pursuant to 18 U.S.C. § 3582(c)(1)(A), Ms. Ruiz submitted a written request for compassionate release to the Warden of FCI Marianna on September 28, 2025, citing the incapacitation of her children's caregiver and her six-year-old daughter's psychiatric emergency.

More than thirty days have elapsed without action, thereby satisfying the exhaustion requirement.

## II. EXTRAORDINARY AND COMPELLING CIRCUMSTANCES

### A. Family Crisis and Incapacitation of Caregiver

4. Ms. Ruiz is the sole available parent of two minor children:
   - Dylan (9) – dependent elementary-school child;
   - Arya (6) – special-needs child undergoing weekly therapy.

5. Both children currently reside in New York with their maternal grandmother (age 65) and step-grandfather (age 68). The grandmother works full-time and can no longer provide daily supervision or therapeutic transportation. Their home is the only placement preventing foster-care intervention.

6. Although the grandparents are not bedridden, they are functionally unable to continue full-time caregiving. The grandmother's full-time employment and the step-grandfather's age-related health decline leave the children unattended for long hours and without consistent therapy access. Their combined workload and physical condition make daily child supervision and medical follow-up impossible to sustain.

7. Federal courts recognize that "incapacitation" under BOP Program Statement 5050.50 and U.S.S.G. § 1B1.13(b)(3)(B)–(C) encompasses functional or practical incapacity, not only medical disability. See United States v. Gonzalez, 2024 WL 2749734 (S.D. Fla. May 30 2024);

United States v. Smith, 2023 WL 5022878 (D. Md. Aug. 7 2023). Where elderly caregivers can no longer meet the physical or emotional demands of raising young children—especially when both parents are incarcerated—courts have found "extraordinary and compelling" circumstances warranting release.

8. This case falls squarely within those parameters. The simultaneous incarceration of both parents, the grandparents' advancing age, and the special-needs child's psychological deterioration combine to form a complete breakdown in custodial stability. Congress and the Sentencing Commission intended § 3582(c)(1)(A) to provide a remedy for precisely this type of family emergency, where continued incarceration would serve punishment alone at the cost of a child's safety and mental health.

**B. Mental-Health Emergency of Minor Child**

9. Arya's therapist and school counselor documented a **suicidal outcry**:

"I'm going to kill myself just so I can see my mom."

10. This statement prompted immediate school intervention and ongoing therapy. Professional staff have advised that continued separation poses serious risk of self-harm and long-term trauma. Courts have repeatedly recognized such situations as "extraordinary and compelling." See *United States v. Johnson*, 2024 WL 3466371 (S.D.N.Y. 2024) (granting release where a child's suicidal ideation was directly linked to parental incarceration).

**C. Sentencing and Comparative Disparity**

11. Ms. Ruiz was a minor participant who earned a 2-level reduction under U.S.S.G. § 3B1.2 and 3 levels for acceptance of responsibility. Her 18-month sentence is already well below co-defendants (Gutierrez 115 mo.; Sanchez Moreno 60 mo.; Velez 24 mo.), confirming her minimal culpability and the Court's intent for proportional punishment.

## III. § 3553(a) FACTORS SUPPORT IMMEDIATE RELIEF

12. **Nature of the Offense:** The offense was non-violent and economic in nature; Ms. Ruiz neither handled narcotics nor organized the laundering network.

13. **History and Characteristics:** She has no prior criminal record, cooperated fully post-arrest, and has displayed complete institutional compliance.

14. **Rehabilitation:** Within her short term, she has enrolled in **RDAP**, completed **Parenting and Financial Responsibility classes**, maintained a clean disciplinary record, and mentors other inmates.

15. **Deterrence and Public Safety:** At age 38, with two dependent children and stable family support, she poses **no danger** to the community. See 18 U.S.C. § 3142(g); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020).

16. **Release Plan:** If released, Ms. Ruiz will reside with her mother in New York, resume parenting duties, comply with any electronic or home-confinement monitoring, and secure employment through prior legitimate contacts.

## IV. LEGAL STANDARD

17. Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment when "extraordinary and compelling reasons" warrant a reduction and the § 3553(a) factors favor release.

18. After *United States v. Brooker (Zullo)*, 976 F.3d 228 (2d Cir. 2020), district courts possess broad discretion to identify such reasons independent of U.S.S.G. § 1B1.13's limitations.

19. Congress intended compassionate release to function as a safety valve for exactly these humanitarian emergencies, especially following the First Step Act's elimination of the BOP's monopoly over such motions.

## V. APPLICATION OF LAW TO FACTS

20. The extraordinary combination of:

    (a) a special-needs child in acute psychological danger;

    (b) an elderly caregiver unable to continue; and

    (c) an otherwise law-abiding, rehabilitated mother with minimal custodial time remaining,

meets both the statutory and equitable standards for relief.

21. No penological purpose is served by continued incarceration. The remaining term may be safely converted to home confinement, ensuring continuity of supervision while reuniting the family and addressing the child's medical crisis.

## VI. MEMORANDUM OF LAW

Under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, a court may reduce a term of imprisonment upon finding that "extraordinary and compelling reasons" warrant such a reduction and that the § 3553(a) factors support release. The 2023 amendment to U.S.S.G. § 1B1.13(b) expressly recognizes as qualifying grounds "the incapacitation or inability of a minor child's caregiver" and comparable family emergencies.

Following United States v. Brooker (Zullo), 976 F.3d 228 (2d Cir. 2020), and United States v. McCoy, 981 F.3d 271 (4th Cir. 2020), district courts have broad discretion to determine what constitutes extraordinary and compelling reasons, independent of the Bureau of Prisons' prior narrow interpretation. Courts have used that discretion to grant release where family circumstances and child-care breakdowns present urgent humanitarian concerns. See United States v. Gonzalez, 2024 WL 2749734 (S.D. Fla. May 30 2024); United States v. Johnson, 2024 WL 3466371 (S.D.N.Y. 2024); United States v. Smith, 2023 WL 5022878 (D. Md. Aug. 7 2023).

The record here meets that standard. Both parents are incarcerated, the elderly caregivers are functionally unable to continue care, and a six-year-old child faces documented psychological crisis. Continued confinement serves no legitimate sentencing purpose under § 3553(a) and contradicts the First Step Act's remedial intent to empower courts to address such emergencies directly.

## VII. REQUEST FOR RELIEF

WHEREFORE, Ms. Ruiz respectfully prays that this Honorable Court:

1. Reduce her custodial sentence to **time served**, with immediate placement on supervised release; or

2. In the alternative, order **home confinement** for the balance of her term under 18 U.S.C. § 3582(c)(1)(A) and § 3624(c)(2); and

3. Direct the Bureau of Prisons to **expedite processing** consistent with this Order, given the ongoing medical crisis of her six-year-old child; and

4. Grant **any further relief** deemed just and proper.

---

## Conclusion

For the foregoing reasons, and pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Ms. Ruiz respectfully submits that extraordinary and compelling circumstances justify a sentence reduction. She has served a meaningful portion of her short custodial term, poses no danger to the community, and faces a genuine family emergency that the Bureau of Prisons cannot remedy. Compassionate release will reunite a mother with her children, avert lasting psychological harm, and continue punishment through community supervision consistent with the purposes of sentencing.

Accordingly, Ms. Ruiz respectfully requests that the Court grant this motion, reduce her sentence to time served, or, in the alternative, order immediate placement on home confinement for the remainder of her custodial term.

Respectfully submitted this 28th day of October 2025.

*[signature]*

**KIMBERLY RUIZ, Pro Se**
Reg. No. 12528-506
FCI Marianna
P.O. Box 7007
Marianna, FL 32447

Case 1:24-cr-20188-RAR   Document 274   Entered on FLSD Docket 11/06/2025   Page 10 of 10

