## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA (MIAMI)

UNITED STATES OF AMERICA
Plaintiff

FILED BY_____ D.C.

JAN 12 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

V                                          CASE NO.: 1:24-cr-20188-RAR

KIMBERLY RUIZ
Reg No: 12528-506
        Defendant

## ADDENDUM TO MOTION FOR COMPASSIONATE RELEASE REDUCTION IN SENTENCE (18 U.S.C. § 3582(c)(1)(A)(i)- First Step Act)

The Defendant, Kimberly Ruiz, appears again pro se and in absentia with this Addendum to Motion For Compassionate Release Reduction in Sentence (18 U.S.C. § 3582 (c)(1)(A)(i)-FIrst Step Act).

On November 6, 2025 the defendant, Kimberly Ruiz, brought forth her original motion for compassionate release (doc 274) citing substantial hardship on her family, not having adequate care for her minor children.  Ruiz cited several reasons that satisfy the prongs of "extraordinary and compelling" reasons for release under statute at 18 U.S.C. § 3582(c)(1)(A) as well as under the United States Sentencing Guidelines (USSG) §1b1.13 which outlines several areas that both Congress and the United States Sentencing Commission, satisfy said conditions.

Ruiz writes "This request arises from extraordinary and compelling humanitarian circumstances—the simultaneous incarceration of both parents, the functional incapacitation of the children's elderly caregivers, and the acute mental-health crisis of Ms. Ruiz's six-year-old daughter, who has expressed suicidal thoughts directly tied to her mother's absence. No purpose of sentencing is advanced by continued imprisonment under these conditions, and every consideration of justice and compassion weighs in favor of prompt relief."

The Court ordered the government to respond by November 19, 2025. We are now well passed that date with no response. In many cases, the government's silence is interpreted as concession. In this particular circumstance Ruiz asks The Court to consider all presented herein and that compassionate release does meet the ends of justice.

The instant offense includes both Ruiz and a codefendant, her husband and father to their minor children, Carlos Velez. Both Ms. Ruiz and Mr. Velez plead, accepted responsibility and understand the gravity of their crime. Compassionate Release, at it's core, asks The Court for "Compassion". Here's a case, where a nuclear family, the Velez-Ruiz family, made a mistake and now the minor children face irreparable damage at the expense of their parents wrong doing. Here The Court sentenced both parents to their guideline sentences and when considering the 3553 factors should consider that Ruiz had no issues while on pretrial and no concern on pretrial at the possibility of danger to the public from act of Ms. Ruiz.

Ms. Ruiz felt the discerning impact immediately upon arrest up to and through today as she sets in federal prison, away from her family paying the price for her role in this non-violent crime.

Velez is not shilling responsibility for her actions, quite the opposite, she's just asking that The Court consider Compassionate Release for her children's sake and consider releasing her from custody to a term of supervision with a condition of home confinement that insures continued protection to the public.

## RUIZ PROGRESS IN PRISON

Rehabilitation alone is not considered an extraordinary and compelling reason for compassionate release under the First Step Act, but it can be taken into account as part of the overall circumstances when determining whether a sentence reduction is warranted. Courts in the 11th Circuit have consistently held that while rehabilitation is admirable, it must be combined with other factors to justify compassionate release.

In , United States v. Ware, 720 F. Supp. 3d 1351. the court emphasized that rehabilitation alone cannot justify compassionate release, as explicitly stated in   28 USCS § 994. and U.S.S.G. § 1B1.13(d). However, rehabilitation may be considered in combination with other circumstances when determining whether a reduction is warranted . (United States v. Ware, 720 F. Supp. 3d 1351. ) And in In , United States v. Elie, 739 F. Supp. 3d 1032.  the court reiterated that rehabilitation by itself is not an extraordinary and compelling reason for compassionate release. However, it can be considered alongside other factors, such as the § 3553(a) factors, to assess whether a sentence reduction is appropriate . United States v. Elie, 739 F. Supp. 3d 1032.
Ms. Ruiz has has taken her rehabilitation head on as soon as she entered Federal Prison at FCI Mariana. She has already completed a forklift certification, is actively participating in AA and is working for Federal Prison Industries (Unicor) in their recycling center. In addition she is on the

waitlist for several other programs.  All the while she is struggling with parenting from a distance hearing that her children's grandparents are struggling with mobility and health issues as well as the fact that they had to temporarily move the children from Florida to New York where they are both doing substantially worse than they did at school in Florida. Ms. Ruiz is hopeful that under the guidelines of Compassionate Release, The Court will release her now as the ends of justice have clearly been met and would further continue with supervision with a condition of home confinement.

RUIZ'S 3553A FACTORS SUPPORT RELEASE

In , United States v. Taylor, 733 F. Supp. 3d 1370. the court granted a reduction in sentence after finding that the § 3553(a) factors, including the defendant's low recidivism risk, strong release plan, and family support, weighed in favor of compassionate release .

United States v. Taylor, 733 F. Supp. 3d 1370.

Ruiz plead guilty and cooperated with all aspects of the investigation. In addition, The Court allowed her to self report after being home over a year on pretrial. During that time her and Mr. Velez were allowed to travel back and forth between Florida and New York to prepare the children for their departure among other things. This clearly shows that The Court felt there was no concern as to the safety of the public with Ms. Ruiz free. Now she has served a substantial part of her custodial sentence and has continued to show continued commitment to rehabilitation and reducing her likelihood of recidivism. It is clear that the 3553a factors do not weigh against this compassionate release at this time, or a release to supervised release with a condition of home confinement.

CONCLUSION

The government has remained silent despite asking for their response which is clearly an indication of concession. In addition, Ruiz has shown an active interest in reducing her likelihood of recidivism and her own rehabilitation. It is well within the rules of The Court and under statute to permit this particular release.

Ruiz asks The Court consider the true meaning of Compassionate Release. She clearly realizes that her and her husband had an active role in this crime and that it hurt their victims, the government and even their own children. She also asks that The Court exercise it's power under statute as to help protect Ms. Ruiz and Mr. Velez's minor children from any further emotional damage and allow Ms. Ruiz to return to the family home in South Florida, even if it's with a condition of home confinement, which would allow her to work, take care of the children and return their lives to normalcy.

Ms. Ruiz is a good American woman. Her husband Carlos was a decorated American military man and they are part of the rare, still nuclear American family. Please consider heartfelt compassion and that statutorily The Court is in a good position to grant this motion for Compassionate Release in the interest of justice and preservation of this good family and so that this family can heal and begin working on restitution to put this behind them. The government has not lodged an objection.


Respectfully submitted,



_Kimberly Ruiz_
Kimberly Ruiz

_12.30.25_
Date



DEC 30, 2025

$6.08

S2324D502203-03

33128

RDC 99

United States District
Court 400 North
Miami AVE
Miami, FL 33128



REC'D BY

JAN 12 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

U.S. POSTAGE PAID
FCM LETTER

Retail

Kimberly Ruiz
12528-506
FCI Marianna
P.O. Box 707
Marianna, FL 32447

CERTIFIED MAIL

9589 0710 5270 2396 2455 98

2 JAN 2026

MID-ISLAND

9589 0710 5270 2396 2455 98