UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20188-RUIZ

UNITED STATES OF AMERICA,

v.

KIMBERLY RUIZ,

    Defendant.

_____/

**GOVERNMENT'S MOTION FOR A STAY OF AN ADDITIONAL 30 DAYS REGARDING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)**

The government moves for a stay of this Court's consideration of the Defendant's motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release. The government asks for a stay of an additional 30 days. On November 20, 2025, the Bureau of Prisons (BOP) denied the Defendant's request for compassionate release. Given the issues raised by the Defendant's Motion, including the care of her children, the government seeks additional time to gather more information regarding this request. An additional 30-day stay will permit a thorough review of the matter.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling reasons," consistent with applicable policy statements of the Sentencing Commission. The pertinent policy statement, U.S.S.G. § 1B1.13, defines specific medical, age, and family circumstances as possibly justifying a sentencing reduction under this statute, and further authorizes a sentencing reduction based on an extraordinary and compelling circumstance identified by the BOP.

The statute, adopted as part of the Sentencing Reform Act of 1984, originally permitted judicial relief only upon a motion by the Director of the BOP.  The provision was amended by Section 603(b) of the First Step Act, effective December 21, 2018.  Under the statute as amended, the court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

In this matter, the Defendant presented her request for compassionate release to the warden on November 10, 2025.  She filed her motion in this Court on November 5, 2025. *See* Motion [DE274]; *see* Addendum [DE275].

The warden denied the Defendant's request on November 20, 2025. *See* Denial Letter, Exhibit 1. In cases where the request is denied by the warden, the inmate is allowed to appeal that denial through the BOP's administrative remedy process. 28 C.F.R. § 571.63(a).  Such administrative review ordinarily takes an additional 40 to 60 days to complete. As of January 26, 2026, the Defendant has not filed an appeal of the Warden's decision.

BOP, consistent with its historic practice under the statute, appropriately and necessarily evaluates numerous factors and solicits input from relevant offices before making a final determination.  Prior to approving a request for a reduced sentence, pursuant to agency policy and Department regulation, the BOP conducts a thorough evaluation of the circumstances underlying the request, including gathering and assessing all pertinent institutional, medical, and other personal records.  The review is conducted by the warden of the institution where the inmate is confined; the BOP General Counsel; the BOP Medical Director and/or the Assistant Director of the Correctional Programs Division, depending on the nature of the request; and ultimately the

Director of the BOP. See 28 C.F.R. § 571.62(a); BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The General Counsel also solicits the opinion of the United States Attorney in the district in which the inmate was sentenced. 28 C.F.R. § 571.62(a)(2). Finally, where an inmate's term of imprisonment is to be followed by a period of supervised release, the agency contacts the United States Probation Office for the district to which the inmate would be released to ensure the proposed release plan required by 28 C.F.R. § 571.61(a)(2) is appropriate and the location to which the inmate would be released comports with the terms of the inmate's supervised release. *See* BOP Program Statement 5050.50 at 14. These reviews are conducted to ensure that the request by the inmate does, indeed, reflect extraordinary and compelling circumstances; that the inmate's early release would not unduly minimize the severity of the inmate's offense; and that the inmate's early release would not unduly jeopardize public safety, which are all factors that must be taken into account by the Court under Section 1B1.13 and the BOP program statement.

      At this time, BOP has denied the Defendant's request for compassionate release. Given the gravity of the issues raised by the Defendant, the government seeks a stay in this matter to permit the administrative process to continue and for additional fact-gathering.

## CONCLUSION

Based on the foregoing, the government requests an additional 30-day stay.

                        Respectfully submitted,

                        JASON A. REDING QUIÑONES
                        UNITED STATES ATTORNEY

By:    */s/Katherine W. Guthrie*
        Katherine W. Guthrie
        Assistant United States Attorney
        Court ID No. A5502786
        99 NE 4th Street
        Miami, Florida 33132
        Tel: (305) 961-9117
        Katherine.Guthrie@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 26, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and delivered the document by United States Mail to the *pro se* Defendant.

By: <u>*/s/Katherine W. Guthrie*</u>
Katherine W. Guthrie
Assistant United States Attorney