UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20188-RAR

UNITED STATES OF AMERICA

vs.

KIMBERLY RUIZ,

Defendant.

_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court upon Defendant Kimberly Ruiz's Motion for Compassionate Release / Reduction in Sentence ("Motion"), [ECF No. 274]. The Court has carefully reviewed the Motion, the Government's Response in Opposition ("Response"), [ECF No. 280], the record, and is otherwise fully advised.

A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if (1) the 18 U.S.C. § 3553(a) sentencing factors[1] favor doing so; (2) there are "extraordinary and compelling reasons" for doing so; and (3) doing so would not endanger any person or the community within the meaning of 18 U.S.C. § 3142(g), and a reduction is consistent with applicable United States Sentencing Commission policy statements. *See* § 3582(c)(1)(A); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). "A district court does not abuse its discretion by denying compassionate release after analyzing only one of the three statutory requirements." *United States v. Kinsey*, No. 24-10911, 2025 WL 929002, at *3 (11th Cir. Mar. 27, 2025) (citing *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021)). Indeed, "[a] court need not address these three

---

[1] The § 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to reflect the seriousness of the offense and promote respect for the law, provide just punishment, to afford adequate deterrence, and protect the public from further crimes of the defendant, (3) the kinds of sentences available; (4) the applicable Guidelines range; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (7) the need to provide restitution to any victims of the offense." *See* 18 U.S.C. § 3553(a)(1)-(7).

conditions in a specific sequence, as the lack of even one forecloses a sentence reduction." *United States v. Batista*, No. 24-12764, 2025 WL 1251220, at *2 (11th Cir. Apr. 30, 2025) (citing *Tinker*, 14 F.4th 1237–38); *Kinsey*, 2025 WL 929002, at *3 (citing *Tinker*, 14 F.4th at 1240) ("[T]he district court was within its discretion to deny [defendant's] motion based on its analysis of the § 3553(a) sentencing factors . . . without addressing whether [defendant] could present "extraordinary and compelling reasons"").

Here, the Court elects to proceed directly to the § 3553(a) factors, as they foreclose relief. At sentencing, the Court engaged in a significant variance to accommodate many of the factors listed in Defendant's Motion—namely, her family circumstances, the health and wellbeing of her children, Defendant's lesser role in the scheme to launder monetary instruments in violation of 18 U.S.C. § 1956(h), and her lack of criminal history. *See* Defendant's Objections to the Presentence Investigation Report and Motion for Downward Variance, [ECF No. 185]. In doing so, the Court struck a balance between the nature and circumstances of Defendant's offense and her history and characteristics. *See* Defendant's Presentence Investigation Report ("Report"), [ECF No. 222], ¶¶ 66–68; 101–113. A further reduction below the 18-month sentence imposed by the Court would fail to promote respect for the law and provide just punishment for Defendant's offense; indeed, a further reduction would not reflect the seriousness of Defendant's crime and the importance of general deterrence.

Thus, having carefully considered all applicable § 3553(a) factors and the parties' arguments, Defendant Kimberly Ruiz's Motion for Compassionate Release / Reduction in Sentence ("Motion"), [ECF No. 274], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of July, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**